# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**,

        Plaintiff,

      **v.**                                 **Case No. 18-CR-220**

**JABRI J. GRIFFIN**,
    *also known as Jabri J. Aubrey Griffin,*

        Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S CHANGE OF PLEA

The United States of America and the defendant, Lonnie Griffin, appeared before me on February 20, 2019, for a change of plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure. *See* Court Minutes for Change of Plea Hearing, ECF No. 14. Mr. Griffin, who was represented by counsel at the hearing, consented to my conducting the plea colloquy. I explained that it would be for United States District Judge J.P. Stadtmueller alone, not me, to enter the plea and that my role was to conduct the plea colloquy and then to prepare a report and recommendation for ultimate disposition by Judge Stadtmueller.

After Mr. Griffin was placed under oath and advised as to the implications of being untruthful, I questioned him about his competency to go forward with the hearing. Through his responses, I found that Mr. Griffin was lucid, intelligent, and not under the influence of any intoxicants or substances.

This was a so-called "blind" plea, with no agreement memorializing terms between Mr. Griffin and the United States. As such, I made certain to confirm with Mr. Griffin that the United States was reserving its rights to seek the maximum possible sentence, including the possibility of no credit for acceptance of responsibility and of the application of the career offender mandatory minimum. Mr. Griffin stated that he understood the position of the United States and that he nevertheless wanted to change his plea to guilty.

I then discussed in detail each of the subjects specified in Rule 11, including the rights Mr. Griffin would surrender by entering a plea of guilty, the maximum penalties associated with the offenses included in the Notice of Intent to Plead Guilty, ECF No. 11, and the authority of the sentencing judge to sentence Mr. Griffin at the statutory maximums. Mr. Griffin fully understood the rights he was surrendering and the implications of pleading guilty. Mr. Griffin also was satisfied that he had received effective assistance of counsel.

At the conclusion of this colloquy, I determined that the guilty plea was knowing and voluntary and was not induced by any threats or promises. I found that there was an independent factual basis containing each of the essential elements of sole offense charged in the Indictment, ECF No. 1, to which Mr. Griffin was pleading guilty. Mr. Griffin advised that he was pleading guilty to that offense because he was, in fact, guilty and that the United States could prove beyond a reasonable doubt that he was guilty of it. Finally, I found that, in responding to my

2

questions, Mr. Griffin was candid, respectful, and non-evasive, fully accepting responsibility for and acknowledging the unlawfulness of his conduct.

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that defendant Jabri Griffin's plea of guilty be accepted; that he be found to have accepted responsibility for his crime; that a presentence investigation and report be prepared according to the schedule set by the Court; and that Mr. Griffin be adjudicated guilty and have sentence imposed accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with Judge Stadtmueller shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify Judge Stadtmueller in writing.

Dated at Milwaukee, Wisconsin, this 26th day of February, 2019.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge

3