# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

JABRI J. GRIFFIN,

                Defendant.

Case No. 18-CR-220-JPS

**ORDER**

## 1. INTRODUCTION

On May 1, 2020, Defendant Jabri J. Griffin filed a second motion for compassionate release due to the current COVID-19 pandemic and his underlying health issues.[1] (Docket #44). The Court set a briefing schedule on August 3, 2020. (Docket #47). On August 14, 2020, the Government filed a response. (Docket #48). On September 8, 2020, Defendant filed a reply brief. (Docket #49). Additionally, Defendant has filed two supplements to his motion for compassionate release. (Docket #51 and #52).

Upon consideration of the parties' submissions, the Court has determined that Defendant does not meet the requirements for compassionate release. Therefore, Defendant's second motion for compassionate release, (Docket #44), will be denied.[2]

---

[1]Defendant's first motion for compassionate release was denied without prejudice on April 21, 2020 for failure to exhaust his administrative remedies. (Docket #41, #42, #43).

[2]Defendant's reply brief was improperly labeled as an amended second motion for compassionate release. (Docket #49). To avoid further confusion, that motion will also be denied.

## 2. RELEVANT FACTS

On September 4, 2018, Milwaukee police officers responded to a 911 call regarding an argument in a backyard between two men, one of whom was threatening the other and had a gun. (Docket #48 at 2). Defendant was stopped by the officers and they removed a loaded Glock, model 22, .40 caliber pistol with an extended magazine from his pants. (*Id.*) The extended magazine could accept twenty-nine (29) rounds of ammunition. (*Id.*) The officers also found $1,887.00 in cash in Defendant's possession. (*Id.*)

Defendant was indicted on November 27, 2018 and charged with being a felon in possession of a firearm. (Docket #48 at 1; Docket #1). Defendant pleaded guilty to that charge on February 20, 2019. (Docket #48 at 1; Docket #14). On May 17, 2019, this Court sentenced Defendant to 42 months' imprisonment, to operate concurrently with the balance of the sentence imposed in his state case.[3] (Docket #48 at 1; Docket #25). Previously, in Wisconsin State Court, Defendant was convicted of possession with the intent to deliver marijuana in 2012 and heroin in 2013.[4]

Presently, Defendant is 25 years old and incarcerated at Federal Correctional Institution Oxford ("FCI Oxford") in Wisconsin. Defendant's release date is scheduled for May 11, 2022.[5] Defendant has lifelong asthma and uses an inhaler once a day. (Docket #21). As of January 7, 2021, FCI

---

[3]*State of Wisconsin v. Jabri J. Aubrey Griffin*, 2013CF000102 (Vilas Cty. Cir. Ct.) *available at* https://wcca.wicourts.gov.

[4]*Id.; State of Wisconsin v. Jabri J. Aubrey Griffin*, 2012CF000194 (Vilas Cty. Cir. Ct.) *available at* https://wcca.wicourts.gov.

[5]Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc (last visited Jan. 13, 2021).

Oxford has 0 inmates and 5 staff members with confirmed active cases of COVID-19.[6]

**3.    LEGAL STANDARD**

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must also be "extraordinary and compelling reasons warrant[ing] such a reduction[.]" *Id.* § 3582(c)(1)(A)(i).

While § 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission," this circuit recently held that the relevant policy statement, U.S.S.G. § 1B1.13, is inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Therefore, a court has discretion when determining what constitutes an "extraordinary and compelling" reason warranting compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement."). A district court may also "make the same determinations that would normally be left to the Director of the Bureau of Prisons [under the catchall provision at U.S.S.G. § 1B1.13 n.1(D)]." *United States v. Brown*, Case No. 01-CR-196-JPS, 2020 WL 4569289, at *4 (E.D. Wis. Aug. 7, 2020). Yet, this Court will evaluate prisoner-initiated motions for

---

[6]*See* Fed. Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus (last visited Jan. 7, 2021).

compassionate release with due regard for the guidance provided in § 1B1.13 because it "provide[s] a working definition of 'extraordinary and compelling reasons' . . . [which] can guide discretion without being conclusive." *Gunn*, 980 F.3d at 1180; *see also United States v. Mays*, Case No. 1:08-cr-00125-TWP-DML, 2020 WL 7239530, at *3 (S.D. Ind. Dec. 9, 2020) (evaluating compassionate motions brought under the "extraordinary and compelling" prong of § 3582(c)(1)(A) with "due regard" for § 1B1.13).

The commentary to the Sentencing Guidelines explains that "extraordinary and compelling reasons exist" when "[t]he defendant is suffering from a terminal illness, (i.e., a serious and advanced illness with an end of life trajectory)," such as cancer or advanced dementia. U.S.S.G. § 1B1.13 n.1.(A)(i). The commentary also considers a defendant's medical condition to be an extraordinary and compelling reason if:

> [t]he defendant is suffering from a serious physical or mental condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* §1B1.13 n.1.(A)(ii).

The Court must also consider whether "the defendant is not a danger" to others or the community, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(B)(2). Additionally, prior to modifying a term of imprisonment, the Court must evaluate the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A). Pursuant to § 3553(a), when determining the sentence to be imposed, the Court shall consider, among other things: the nature and circumstances of the offense; the defendant's

history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment.

## 4.    ANALYSIS

### 4.1    Exhaustion

Before granting a motion for compassionate release, the defendant must either "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or at least 30 days must have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Although Defendant apparently wrote to his warden regarding release, the warden's April 22, 2020 response relates to Defendant's request for home confinement, rather than for compassionate release. (Docket #44 at 3.) Because Defendant's motion for compassionate release fails for other reasons, the Court will assume, for purposes of this section, that he properly exhausted his administrative remedies.

### 4.2    Extraordinary and Compelling Reasons

"[T]he mere presence of COVID-19 in a particular prison (or in the BOP generally) cannot justify compassionate release." *United States v. Melgarejo*, No. 12-CR-20050-JES-DGB, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), aff'd, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020). Prisoners need to demonstrate circumstances that create a heightened risk for them, such as the inability of the particular institution to control an outbreak combined with certain health conditions that place the prisoner "at significant risk of complications should he contract the virus." *Id.*

Defendant's motion for compassionate release is premised on the fact that he has asthma and that COVID-19 can attack his respiratory system, which puts him at a higher risk of dying from the virus; thus, he argues that he has an extraordinary and compelling reason to be released from prison. (Docket #44 at 1; #49 at 2).

According to the Centers for Disease Control and Prevention ("CDC"), having "moderate-to-severe asthma might increase your risk for severe illness from COVID-19."[7] Further, "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *Id.* Defendant has not provided any information suggesting that his asthma is "moderate-to-severe." Even if he did have moderate asthma, the CDC guidance does not conclusively state whether persons with moderate-to-severe asthma are at an increased risk of severe illness if they are infected with the virus. Further, given Defendant's young age and lack of any other preexisting conditions, Defendant's health is not an extraordinary and compelling reason for release at this time. *See United States v. Day*, 473 F. Supp. 3d 209, 214 (W.D.N.Y. July 21, 2020); *United States v. Cherry*, No. 15-CR-156-PP, 2020 WL 3497030, at *4–5 (E.D. Wis. June 29, 2020); *United States v. Belle*, 457 F. Supp. 3d 134, 138–40 (D. Conn. May 5, 2020); *United States v. Rodriguez*, 454 F. Supp. 3d 224, 228 (S.D.N.Y. April 14, 2020).

---

[7]Ctrs. for Disease Control and Prevention, *People with Certain Medical Conditions*, available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 13, 2021).

### 4.3 Danger to Any Other Person or the Community and Section 3553(a) Sentencing Factors

Next, the Court considers whether Defendant is a danger to any other person or the community, pursuant to § 3142(g), and whether the § 3553(a) factors militate against his release.

Defendant has a long criminal history for one so young. (Docket #21 at 6–12). He was only 23 years old when he received his third criminal conviction. Notably, Defendant was on extended supervision when he committed the most recent offense. (*Id.* at 11). Additionally, the current conviction resulted from Defendant illegally carrying a pistol with an extended magazine, capable of holding twenty-nine bullets, in the middle of the day. Based on the details of his current conviction and the Defendant's history of committing crimes while on supervised release, the Court finds that he is a danger to the community and the sentencing factors militate against his release. A reduction in Defendant's sentence would, undoubtedly, fail to reflect the seriousness of Defendant's offenses, promote respect for the law, and provide just punishment for Defendant. Nor would it deter Defendant from future crimes or protect the public.

The Court understands and sympathizes with Defendant's concerns about COVID-19. Nevertheless, Defendant has not established an extraordinary and compelling reason warranting his compassionate release. Even if he had, the Court's analysis of the § 3553(a) factors and § 3142(g) would dissuade the Court from granting Defendant's motion at this juncture.

### 5. CONCLUSION

Based on the foregoing, the Court will deny Defendant's motion for compassionate release. (Docket #44).

Accordingly,

**IT IS ORDERED** that Defendant's second motion for compassionate release (Docket #44) be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that Defendant's amended second motion for compassionate release (Docket #49) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of January, 2021.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge